IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | |
|---|---|
| PETER WILLIAM HARPER, | Cause No. CV 12-106-H-DLC-RKS |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| STATE OF MONTANA, | |
| Respondent. | |

_____

On December 14, 2012, Petitioner Peter William Harper filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Mr. Harper is a state prisoner proceeding pro se. He is currently housed at a pre-release center in Butte.

Mr. Harper filed another habeas petition in this Court on January 25, 2013. In this case, Cause No. CV 12-106-H, Mr. Harper challenges his conviction for resisting arrest. Pet. (doc. 1) at 1 ¶¶ 1-2. He alleges that he was sentenced to serve 228 days for a misdemeanor offense carrying a six-month maximum penalty; that counsel did not represent him effectively because, among other things, they would not permit him to show a video of the incident to the jury or to present the testimony of a witness; and

1

that he was forced to defend himself because his attorneys failed to do so. *Id.* at 6, 8, 9, 11.

Mr. Harper states that he was sentenced on February 27, 2012, to 228 days, which was the time he spent in custody before sentencing. In other words, he was sentenced to time served.[1] Pet. at 1 ¶ 2(b); *id.* at 11 "Ground Four"; *see generally* Order at 1-2, *Harper v. State*, No. OP 12-0107 (Mont. filed Apr. 24, 2012). His sentence expired, therefore, more than nine months before he filed his federal petition. "[O]nce the sentence imposed for a conviction has completely expired," the mere continued existence of a conviction is not enough to show the petitioner is "'in custody' for the purposes of a habeas attack." *Maleng v. Cook*, 490 U.S. 488, 492 (1989) (per curiam). Because federal habeas jurisdiction does not lie against the conviction for resisting arrest, Cause No. CV 12-106-H should be dismissed.

A certificate of appealability is not warranted. Regardless of whether Mr. Harper's claims meet the low threshold of 28 U.S.C. § 2253(c)(2), the procedural infirmity of the petition is not debatable. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

---

[1] While he was detained on the resisting arrest charge, Mr. Harper also faced revocation of a suspended sentence. *See* Pet. (doc. 1) at 8 "Ground Two," *Harper v. State*, Cause No. CV 13-10-H-DLC-RKS (D. Mont. filed Jan. 25, 2013).

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. The Petition should be DISMISSED for lack of jurisdiction.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Harper may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Mr. Harper files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Mr. Harper from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole

or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Harper must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 20th day of May, 2013.

                                       /s/ Keith Strong
                                       Keith Strong
                                       United States Magistrate Judge